UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERVARUS GARY,

    Plaintiff,

    v.    CAUSE NO. 3:26-CV-27-CCB-SJF

MANGO, et al.,

    Defendants.

## OPINION AND ORDER

Tervarus Gary, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. ECF 1 and 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Gary has three strikes:

1. *Gary v. Elkhart County Work Release*, 3:24-cv-349 (N.D. Ind. filed April 25, 2024), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 9, 2024;

2. *Gary v. Elkhart County Sheriffs Department*, 3:24-cv-340 (N.D. Ind. filed April 22, 2024), dismissed as frivolous under 28 U.S.C. § 1915A on May 5, 2025; and

3. *Gary v. IDOC*, 3:25-cv-391 (N.D. Ind. filed May 2, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 28, 2025.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Gary is seeking monetary damages because Sgt. Mango said, "he should beat my fucking ass." ECF 1 at 2. Gary alleges this was recorded on body camera video in front of two other officers who said they would address it. The complaint provides no context for when or how these words were spoken. Gary says he is in fear of his life because the incident was never addressed, but it is unclear how he knows if or how it was addressed. This complaint does not plausibly allege there is an objective reason for him to be afraid based on this, albeit unprofessional, but seemingly offhand remark. Verbal abuse alone is insufficient to state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). This complaint does not show that Gary has a genuine emergency and his request for only monetary damages indicates that he is not really in serious danger. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, Gary may not proceed in forma pauperis.

For these reasons, the court:

(1) **DENIES** Tervarus Gary leave to proceed in forma pauperis (ECF 2);

(2) **GRANTS** Tervarus Gary until **January 30, 2026**, to pay the $405 filing fee; and

(3) **CAUTIONS** Tervarus Gary if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on January 14, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT